UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FONTANA BRAVE HAWK,<br><br>Defendant. | 3:23-CR-30072-RAL<br><br>OPINION AND ORDER ON MOTIONS IN LIMINE |

## I.      Background

Defendant Fontana Brave Hawk is charged in a two count indictment.  Specifically, the United States has charged Brave Hawk with one count of assault with a dangerous weapon and one count of assault resulting in serious bodily injury relating to an incident on November 24, 2022, at Spring Creek on the Rosebud Indian Reservation during which Angela Points At Him allegedly was beaten with a bat and shod feet resulting in serious bodily injury.  Brave Hawk has pleaded not guilty to these charges, and the parties are proceeding to trial.  This Court held a pretrial conference and motion hearing on March 11, 2024, at which it heard argument and ruled on each party's motions in limine.  This Court now formalizes its rulings with this Opinion and Order.

## II.      Legal Standard

Rulings on motions in limine are by their nature preliminary.  <u>United States v. Spotted Horse</u>, 916 F.3d 686, 693 (8th Cir. 2019).  "They developed pursuant to the district court's inherent

authority to manage the course of trials," <u>Luce v. United States</u>, 469 U.S. 38, 41 n.4 (1984), and are "specifically designed to streamline the presentation of evidence and avoid unnecessary mistrials." <u>Spotted Horse</u>, 916 F.3d at 693.  This practice helps safeguard the jury from hearing evidence so prejudicial that its mention could not be remedied through a corrective instruction. <u>Motion in limine</u>, Black's Law Dictionary (11th ed. 2019).  Rulings on motions in limine necessarily occur before the nature and relevance of the evidence can be placed in full context. <u>See</u> <u>Spotted Horse</u>, 916 F.3d at 693.  Therefore, a district court has broad discretion when ruling on motions in limine and retains the authority to revisit and change its rulings based on how the case unfolds.  <u>Luce</u>, 469 U.S. at 41–42.  If this Court grants a motion in limine to exclude certain information, that information must not be mentioned during voir dire, opening statements, questioning or answering by witnesses, or closing arguments, unless counsel outside the hearing of the jury obtain from this Court a contrary ruling.

## III.   Discussion

### A.  United States's Motion in Limine

The United States's motion in limine has four subparts and seeks to exclude (1) references to penalty and punishment, (2) opining on the guilt or innocence of the Defendant, (3) hearsay statements of the Defendant offered by the Defendant, and (4) seeks to sequester witnesses from the courtroom.  The Court addresses each in turn below.

#### 1.  Reference to Penalty or Punishment

Under subpart one, the United States moves to preclude Defendant, his attorney, or any witness from referring to the possible penalty or punishment Defendant will face if convicted of the crimes charged.  The United States argues that permitting the jury to hear information about

2

what penalty or punishment Defendant faces would be improper and would only confuse the jury. This Court agrees.

"It is well established that when a jury has no sentencing function, it should be admonished to reach its verdict without regard to what sentence might be imposed." Shannon v. United States, 512 U.S. 573, 579 (1994) (cleaned up and citation omitted). The jury's role "is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged." Id. "[P]roviding jurors sentencing information invites them to ponder matters . . . not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." Id. (citation omitted). The jury must be able to carry out its role uninfluenced by the consequence of its verdict. See id. at 578 (citation omitted); United States v. Fisher, 10 F.3d 115, 121 (3d Cir. 1993).

Accordingly, this Court grants the United States's Motion in Limine as to subpart one. There shall be no reference to or comment on the possible penalty or punishment Defendant could receive if convicted. This does not, however, preclude Defendant from referring to the charges as "serious" or "felony" offenses.

## 2. Opining on Guilt or Innocence

Under subpart two, the United States requests an order barring Defendant, his attorney, and any witness from expressing their opinion about the guilt or innocence of Defendant. Evidence expressing an opinion on a defendant's innocence or guilt "invades the province of the jury" and is inadmissible. See United States v. Thirion, 813 F.2d 146, 156 (8th Cir. 1987) (reasoning that a government witness's opinion that defendant was innocent "is not truly exculpatory evidence because it is inadmissible as it invades the province of the jury"); Wesson v. United States, 164 F.2d 50, 55 (8th Cir. 1947) ("And any such unnecessary opinion evidence in a criminal case that will inescapably be a plain expression of the witness's opinion of the defendant's guilt . . . should

be scrupulously avoided."). Therefore, neither Defendant, his attorney, nor any witnesses may opine on the guilt or innocence of Defendant. This, of course, does not preclude counsel from arguing whether the evidence presented at trial does or does not establish guilt beyond a reasonable doubt, nor does it preclude Defendant from testifying, or his counsel from arguing, that he is actually innocent of the offenses charged.

### 3. Hearsay Statements of Defendant Offered by Defendant

In subpart three, the United States seeks to prevent Defendant from admitting into evidence out-of-court statements that he may have made to police officers, friends, relatives, or anyone else. The United States argues that such statements are hearsay and inadmissible under Rule 801 of the Federal Rules of Evidence. Unless an exception otherwise applies, a defendant's out-of-court statements, if offered by the defendant to prove the truth of the matter asserted, are inadmissible as hearsay. Fed. R. Evid. 801(c)–(d); see United States v. Waters, 194 F.3d 926, 931 (8th Cir. 1999) (holding that defendant could not admit his own out-of-court statements to FBI agent because they were inadmissible hearsay); United States v. White Horse, 177 F. Supp. 2d 973, 977 (D.S.D. 2001) (reasoning that defendant's statements to a doctor were inadmissible hearsay because they were offered by the defendant and were not offered under the exception for statements made for the purpose of diagnosis or treatment). Accordingly, any out of court statements made by Defendant and offered by Defendant to prove the truth of the matter asserted will be inadmissible unless Defendant can show that the statement is admissible under an exception to the rule against hearsay.

### 4. Sequestration of Witnesses

The last subpart of the United States's motion in limine seeks an order sequestering all witnesses, except for one investigator or case agent for both the United States and Defendant. "The

purpose of sequestration is to prevent witnesses from tailoring their testimony to that of prior witnesses and aid in the detection of dishonesty." United States v. Engelmann, 701 F.3d 874, 877 (8th Cir. 2012) (citation omitted). "At a party's request, the court must order witnesses excluded from courtrooms so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615; Engelmann, 701 F.3d at 877. Generally, "a district court is granted wide latitude in implementing sequestration orders." Engelmann, 701 F.3d at 877 (citation omitted). And "the decision whether the allow the government's agent to testify even though the agent sits at the counsel table throughout the trial is left to the court's discretion." Id. (cleaned up and citation omitted). Therefore, all witnesses will be sequestered, except for each party's case agent—here Special Agent Richard Kumley for the United States and investigator John Duffy for the defendant.

**B. Defendant Brave Hawk's Motion in Limine**

Defendant's motion in limine consists of three subparts and seeks to prohibit the United States's use of Defendant's (1) criminal history, (2) other bad acts, (3) and invocation of his right to counsel. This Court will address subparts one and two together given their related nature and proceed to subpart three.

**1. Defendant's Prior Criminal History**

Under subparts one and two, Defendant seeks to prohibit any reference to prior arrests, prior criminal convictions, or other bad acts "for any purpose," including impeachment. Doc. 76. Defendant contends that such evidence is inadmissible under Rule 404(b) and Rule 609 of the Federal Rules of Evidence, though he also relies on Rules 402[1] and 403. Id. As Rule 404(b)(1) states, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character

---

[1] Rule 402 of the Federal Rules of Evidence merely expresses that relevant evidence is admissible, unless "the United States Constitution, a federal statute, these rules, or other rules prescribed by the Supreme Court" provide otherwise.

in order to show that on a particular occasion the person acted in accordance with the character." Yet, evidence of prior crimes, wrongs, or acts "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Exclusion of evidence under Rule 404(b) is generally reserved for "when the evidence clearly ha[s] no bearing on the case and [is] introduced solely to show defendant's propensity to engage in criminal misconduct." United States v. Walker, 428 F.3d 1165, 1169–70 (8th Cir. 2005) (citation omitted).

Because "Rule 404(b) is a rule of inclusion rather than exclusion," United States v. Bowie, 232 F.3d 923, 929–30 (D.C. Cir. 2000), this Court will not prohibit the admission of Defendant's prior crimes, wrongs, or acts "for any purpose." The United States has not provided pretrial notice of its intent to offer Rule 404(b) evidence, and absent written notice given during trial, along with good cause to excuse a lack of pretrial notice, such evidence will not admitted. Fed. R. Evid. 404(b)(3)(C).

Defendant also seeks an order prohibiting the United States from using his prior convictions for impeachment should he testify. Defendant contends that his prior convictions do not qualify for use as impeachment evidence under Rule 609(a) because none of his convictions were punishable by death or imprisonment for more than one year. Under Rule 609(a), a defendant's prior conviction may be used to attack their character for truthfulness, should they choose to testify, if the crime of conviction was a felony offense and "the probative value of admitting this evidence outweighs its prejudicial effect" to the defendant. United States v. Collier, 527 F.3d 695, 699 (8th Cir. 2008); see United States v. Stoltz, 683 F.3d 934, 938–39 (8th Cir. 2012) (discussing how Rule 609(a) applies to witnesses generally, not a defendant who testifies). However, "for any crime regardless of the punishment, the evidence must be admitted if the court

can readily determine that establishing the elements of the crime require proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2); United States v. Smart, 60 F.4th 1084, 1092 (8th Cir. 2023). "Evidence of a conviction requiring proof or admission of an act of dishonesty or false statement is automatically admissible and not subject to Rule 403 balancing." Collier, 527 F.3d at 700.

Here, a review of Defendant's bail report does not reveal any prior felony convictions that would be admissible under Rule 609(a)(1). Defendant did, however, plead guilty to Impersonation to Deceive Law Enforcement Officer in Roberts County on December 23, 2014. Doc. 69 at 3. This conviction is within the ten-year period of admissibility under Rule 609(b). Under South Dakota law, impersonation to deceive a law enforcement officer requires proof of "offering a fictitious name or false date of birth, with [the] intent to deceive." SDCL § 22-40-1. Therefore, Defendant's conviction for impersonation to deceive a law enforcement officer might be admissible to impeach his character for truthfulness should he choose to testify. This Court will preclude reference during voir dire, opening statements, or witness testimony of any prior conviction of Defendant and will rule shortly before Defendant's testimony, if he does testify, about whether the impersonation to deceive law enforcement officer conviction is admissible on defendant's credibility.

### 2. Invocation of Right to Counsel

Lastly, Defendant seeks to prohibit the United States from referencing or commenting on the invocation of his right to counsel post-Miranda warnings. Under Miranda, a person subject to custodial interrogation must "be advised immediately that he has the right to remain silent, that anything he says may be used against him, and that he has a right to retained or appointed counsel before submitting to interrogation." Doyle v. Ohio, 426 U.S. 610, 617 (1976). The Miranda

warnings implicitly assure every recipient that exercising such rights will not be used against them at trial.  Id. at 618–19.  "[I]t would be fundamentally unfair and a deprivation of due process to allow" a defendant's credibility to be impeached because they exercised a constitutionally protected right.  See id. at 618.  Thus, the United States shall not make any reference to or comment on Defendant invoking his right to counsel.

## IV.    Conclusion

Therefore, for good cause, it is hereby

ORDERED that the United States's First Motion in Limine, Doc. 94, is granted.  It is further

ORDERED that Defendant's Motion in Limine to Prohibit Specified Evidence, Doc. 76, is granted in part and denied only with respect to possible admission of the conviction for impersonation to deceive law enforcement if he were to testify.

DATED this 11th day of March, 2024.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE